UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
                              :
BBC CHARTERING &              :
LOGISTIC GmbH & CO. K.G.,     :
                              :
            Plaintiff,        :
                              : Docket No. 08 CIV 200 (WHP)
    -against-                 :
                              : Civil Action
USIMINAS MECANICA S/A,        :
PERINI O&G, PERINI CORP.,     :
O&G INDUSTRIES INC., and      :
UNIBANCO AIG SEGUROS S/A,     :
                              :
            Defendants.       :
                              :
- - - - - - - - - - - - - - - X

**ANSWER, DEFENSES, AND CROSSCLAIM OF
DEFENDANTS PERINI O&G, PERINI CORP., AND O&G INDUSTRIES, INC.**

Defendants PERINI O&G, PERINI CORP., and O&G INDUSTRIES INC., by their attorneys Flicker, Garelick & Associates, as and for their Answer to Plaintiff's Complaint for Declaratory Judgment, state as follows:

**JURISDICTION AND VENUE**

1. Admitted. Otherwise, the allegations contained in paragraph 1 of Plaintiff's Complaint contain conclusions of law to which no response is required.

2. Admitted. Otherwise, the allegations contained in paragraph 2 of Plaintiff's Complaint contain conclusions of law to which no response is required.

3. Defendants admit that, by virtue of the pleaded claims in the Complaint, Plaintiff purports to seek declaratory judgment as alleged. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 3.

## THE PARTIES

4. The allegations contained in paragraph 4 of Plaintiff's Complaint contain conclusions of law to which no response is required. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 14 of Plaintiff's Complaint.

15. Admitted.

16. Admitted.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Denied.

21. Denied.

**FIRST CAUSE OF ACTION**

22.  Defendants incorporate and reallege answers to Paragraphs 1 to 21 above.

23.  The allegations contained in paragraph 23 of Plaintiff's Complaint contain conclusions of law to which no response is required.  Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 23.

## SECOND CAUSE OF ACTION

24.  Defendants incorporate and reallege answers to Paragraphs 1 to 23 above.

25.  The allegations contained in paragraph 25 of Plaintiff's Complaint contain conclusions of law to which no response is required.  Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 25.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Cargo was lost overboard during the transit from Vitoria, ES, Brazil, due to want of due diligence on the part of the Plaintiff to make the ship seaworthy, as required under Section 1304(1) of the Carriage of Goods by Sea Act ("COGSA"), now codified at 46 U.S.C.A. §30701 et seq.  Under Section 1304(1) of COGSA, the burden of proving the exercise of due diligence is on Plaintiff.

**THIRD DEFENSE**

The Cargo was lost overboard during the transit from Victoria, ES, Brazil, due to actual fault or privity of the Plaintiff, or due to fault or neglect of the agents or servants of the Plaintiff.  Under Section 1304(2)(q) of COGSA, the burden of proving that the damage or loss was neither the actual fault or privity of the Plaintiff nor the fault or neglect of the agents or servants of the Plaintiff is on the Plaintiff.

**FOURTH DEFENSE**

The clause, covenant or agreement alleged in paragraph 8 relieving Plaintiff and vessel MALTE B from liability for loss or damage in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided under

COGSA is null and void and of no effect under Section 1303(8) of COGSA.

### FIFTH DEFENSE

The clause, covenant or agreement alleged in paragraph 8 is not legally enforceable as it against public policy under Section 1306 of COGSA.

### SIXTH DEFENSE

The clause, covenant or agreement alleged in paragraph 8 is not legally enforceable under Section 1306 of COGSA, as it does not apply to ordinary commercial shipments made in the ordinary course of trade, and the character or condition of the property to be carried on the circumstances, terms, and conditions under which the carriage is to be performed are not reasonable to justify a special agreement.

Defendants reserve the right to amend and/or supplement these affirmative defenses as discovery in this matter progresses.

WHEREFORE, Defendants, Perini O&G, Perini Corp., and O&G

Industries, Inc., pray that Plaintiff BBC Chartering Logistic GmbH & Co. K.G., and Defendants Usiminas Mecania S/A, and Unibanco AIG Seguros S/A, be cited and served and that after all legal proceedings, the Court enters judgment dismissing Plaintiff's Complaint for Declaratory Judgment, awarding them the costs of this suit and attorney's fees incurred in defending this suit, and such other and further relief as this Court deems just and proper.

## CROSSCLAIM

Defendants, for its cross-claims against Co-Defendants Usiminas Mecanicas S/A and Unibanco AIG Seguros S/A, states as follows:

### JURISDICTION AND VENUE

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction over this action under 28 U.S.C. §1332, 28 U.S.C. §1331, and this action arises under the laws of the United States, in particular, the Carriage of Goods by Sea Act ("COGSA"), now codified at 46 U.S.C.A. §30701 et seq., which Defendants assert is applicable to this contract for carriage both under the terms of the applicable bills of lading and by operation of law, as well as 28 U.S.C. 1332, as this claim arises under the

Court's admiralty and maritime jurisdiction.

2. Venue is properly vested in this Court pursuant to 28 U.S.C. §1391(b), as at least one Defendant to this claim may be found in New York within the jurisdiction of this Court. In the alternative, venue is properly vested in this Court under U.S.C. §1391(d), as Co-Defendants Usiminas Mecanica S/A and Unibanco AIG Seguros S/A are alien corporations, organized and existing under the laws of a country other than the United States.

**PARTIES**

3. BBC Chartering Logistic GmbH & Co. K.G. is, and was at all relevant times mentioned herein, a foreign corporation organized and existing under the laws of a state other than the State of New York, with its principal offices located in Leer, Germany, engaged in the business of operating vessels for the carriage of goods by sea.

4. Unibanco AIG Seguros S/A is, and was at all relevant times mentioned herein, a foreign corporation organized and existing under the laws of a state other than the State of New York, with its principal offices located in Sao Paulo, Brazil, and who allegedly issued a policy of insurance to Usiminas Mecanica S/A

for the carriage of goods which forms the basis for this claim.

5.  Usiminas Mecanica S/A is, and was at all relevant times mentioned herein, a foreign corporation organized and existing under the laws of a state other than the State of New York, with its principal place of business located in Ipatinga, Minas Gerais, Brazil, engaged in the business of manufacturing, selling, distributing and shipping steel and steel components.

6.  Perini Corp. is, and was at all relevant times mentioned herein, a corporation organized and existing under the laws of state of Massachusetts, with its principal place of business located in Framingham, Massachusetts, engaged in the business of commercial construction.

7.  O&G Industries, Inc. is, and was at all relevant times mentioned herein, a corporation organized and existing under the laws of Connecticut, with its principal place of business located in Torrington, Connecticut, engaged in the business of commercial construction.

8.  Perini O&G is, and was at all relevant times mentioned herein, a joint venture organized and existing under the

laws of New York, with its principal place of business located in Peekskill, New York, engaged in the business of commercial construction.

## FACTUAL ALLEGATIONS

9.  On or about January 15, 2006 at Vitoria, ES, Brazil, Co-Defendant Usiminas Mecanica S/A delivered to the MALTE B certain cargo described in Bill of Lading no. BBCH1196067VN001 ("Cargo") in good order and condition for shipment to New York pursuant to that bill of landing in consideration of certain agreed freight and other charges (see the front side of Bill of Lading no. BBCH1196067VN001 attached to Plaintiff's Complaint as Exhibit "A").

10. The Cargo was received on board the MALTE B in good order and condition.

11. On or about January 15, 2006, the MALTE B departed Vitoria, ES, Brazil, bound for New York.

12. On or about February 7, 2006, the MALTE B arrived at the marine terminal in New York, failing to deliver the Cargo in like good order and condition as was the Cargo when received on board the MALTE B at Vitoria, ES, Brazil.

## CAUSE OF ACTION

13. Defendants incorporate and reallege herein by reference the allegations in the preceding paragraphs of this crossclaim.

14. Unibanco AIG Seguros S/A assumedly with Usiminas Mecanica S/A's knowledge filed suit against Plaintiff in Brazil, seeking recovery based upon this contract of carriage.

15. Pursuant to Section 1303(6) of COGSA, the suit filed in Brazil by Co-Defendants against Plaintiff is time-barred.

WHEREFORE, Defendants, Perini O&G, Perini Corp., and O&G Industries, Inc., pray that Plaintiff BBC Chartering Logistic GmbH & Co. K.G., and Defendants Usiminas Mecania S/A, and Unibanco AIG Seguros S/A, be cited and served and that after all legal proceedings, the Court enters judgment dismissing Plaintiff's Complaint for Declaratory Judgment, declaring that Co-Defendants Usiminas Mecania S/A and Unibanco AIG Seguros S/A owe Defendants defense and indemnity for this suit arising from its filing of the suit against Plaintiff in Brazil, and awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 20, 2008

                                    FLICKER, GARELICK & ASSOCIATES
                                    Attorneys for Defendants
                                    Perini O&G, Perini Corp., and
                                    O&G Industries, Inc.


                               By:  _____
                                    Keith L. Flicker (KLF 6447)
                                    45 Broadway
                                    New York, New York 10006
                                    (212)319-5240